THOMAS P. REMINGTON, Appellant, *v.* BERNARD WESTERMANN, Respondent.

SAME *v.* FREDERICK W. CHRISTERN, Respondent.

*Surety to an undertaking for costs—when released from liability, by the refusal of the opposite party to accept it.*

The plaintiff in an action, being a non-resident, was required by an order, made on the application of the defendant, to file a bond as security for the costs of the action, and pay $10 costs of the motion, within ten days. Within that time the plaintiff filed the bond, but neglected to pay the costs. Thereafter, on the defendant's application, the complaint was dismissed, and a judgment for the costs entered in his favor.

In an action brought by him against the sureties to the said bond, to recover the costs of the action, *Held,* that by procuring a dismissal of the com-

plaint, the defendant, in legal effect, refused to accept the bond, and that the same never went into effect or became operative.

That the sureties were not liable thereon, and that the action could not be maintained.

Appeals from judgments entered in favor of the defendants against the plaintiff, upon the trial of the above entitled actions by the court without a jury.

These two actions were brought against the sureties to an under-taking given in an action brought by one Westermann against the present plaintiff.

The court found, that before the commencement of this present action a certain other action was commenced and pending in the Superior Court of the city of New York, in which one Charles Westermann was plaintiff, and Thomas P. Remington, the present plaintiff, was defendant, and that, after various proceedings were had in the last-mentioned suit, an order was made by the Superior Court, at a Special Term, dated December 24, 1877, requiring the said Charles Westermann, the plaintiff in the said suit, as a non-resident, to file a bond for costs in $500, and pay the costs of the motion, $10, within ten days (to prevent that suit being dismissed); that subsequently, on January 14, 1878, a further order was made by the said Superior Court, at a Special Term, whereby it was ordered that the complaint in the said action be dismissed unless the plaintiff therein file such security for costs, and pay $10 motion costs within five days from the said date, and also pay $10 costs of the said last-mentioned motion to the defendant, the present plaintiff; that afterwards the time to file the bond for costs was extended to February 6, 1878; that on February 5 the defendant, F. W. Christern, together with Bernard Westermann, became sureties on the bond for costs required by the said order of the court, for the purpose of preventing the dismissal of the complaint in the said action, and in consideration that the said action should not be dismissed, which bond was filed in the clerk's office of the Superior Court; but that the costs of the motions, $20, were not paid as required by such order; that on February 14, 1878, on motion of Thomas P. Remington, the present plaintiff, the Superior Court made an order dismissing the complaint on the ground that the require-

ments of the order of January 14, 1878, had not been complied with, and judgment was thereupon entered, dismissing the complaint, with costs; that the defendant, F. W. Christern, and his co-surety, Bernard Westermann, on March 7, 1878, had a written notice served on the attorney of the present plaintiff, to wit, Wm. P. Richardson, Esq., stating that inasmuch as the said complaint had been dismissed, they withdrew from the bond and they disclaimed all liability thereunder; that, on March 7, 1878, the judgment roll was filed in the said action in the Superior Court, and judgment entered dismissing the complaint and for an extra allowance, costs and disbursements, amounting to $688.86; that the consideration for which the bond for costs was given wholly failed, and that the order of the court of January 14, 1878, failed to become perfect. The court further found, as conclusions of law: That the consideration for which the bond was given wholly failed, and the bond became wholly void, and the obligors were not liable; that the order of January 14, 1878, was an entirety, and failed to become perfect; that the complaint must be dismissed with costs to the defendant, and the defendant have judgment to that effect; that the defendant was entitled to the affirmative relief, that an injunction order issue enjoining the plaintiff, Thomas P. Remington, and his assigns and all his agents and attorneys, from commencing and prosecuting any other action or any legal proceedings in any court on the said bond.

*Jno. A. Foster* and *W. P. Richardson*, for the appellant.

*B. Roelker*, for the respondents.

BARRETT, J.:

The order was, that the action pending in the Superior Court be dismissed, unless the plaintiff therein file a bond for costs, and pay $10 within five days. He did not file the bond and pay the $10, he only filed the bond. In consequence of this non-compliance, his complaint, on motion of the defendant in that action, was absolutely dismissed. The legal effect of this was the non-acceptance by such defendant of the bond in question. The bond, consequently, never went into effect, or became operative. The de-

fendant could have waived the $10 and gone on with the case. But he did not. As was his right, he treated the order as an entirety, and on that basis demanded the penalty, namely, the dismissal with costs. Clearly he cannot have both bond and penalty. Nor can he be permitted to enforce the bond for the very costs which followed the failure to file the instrument and pay the $10. As well might he, if the order had specified three sureties, obtain a dismissal with costs, because, on the bond filed, there were but two, and then proceed to collect such costs from the two.

The judgment must be affirmed, with costs.

DAVIS, P. J., concurred.

Present—DAVIS, P. J., and BARRETT, J.

Judgment affirmed, with costs.